UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION



FILED
CHARLOTTE, NC

SEP 5 2007

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| vs. | ) | DOCKET NO. 5:05CR9-V-34 |
| | ) | |
| CORTNEY SIRRON PHIFER | ) | MOTION FOR A DOWNWARD |
| | ) | DEPARTURE U.S.S.G. § 5K1.1 |
| | ) | |

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, who moves, pursuant to Section 5K1.1 of the Sentencing Guidelines for a downward departure from the applicable guideline range to reflect defendant's substantial assistance.

The defendant has provided substantial assistance in the investigation and prosecution of other individuals. The degree of such a reduction must be reasonable and should reflect the Court's assessment of the defendant's substantial assistance in the investigation and prosecution of others. "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." Section 5K1.1 Application Note 3. Additionally, "the sentencing judge must . . . state the reasons for reducing a sentence under [5K1.1]." Commentary to Section 5K1.1.

## BASIS FOR MOTION AND SPECIFIC RECOMMENDATION

Section 5K1.1(a) *U.S.S.G.*, enumerates a non-exclusive list of factors the Court may consider in determining whether a downward departure should be granted and, if so, the extent of such departure. Below, the United States addresses each such relevant factor and sets for the specific recommended reduction based on such factor.

The defendant is currently facing a guideline range of 135 to 168 months, offense level 33, criminal history category  I .

(a)(1)  the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

**Government's evaluation and recommendation:**

**The Defendant has been debriefed by agents and has provided information about drug trafficking.**

(a)(2)  the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

**Government's evaluation and recommendation:**

**The defendant's information is considered by the government to be truthful and reliable.**

(a)(3)  the nature and extent of the defendant's assistance;

**Government's evaluation and recommendation:**

**The defendant has provided information to investigators and testified at the trial of Travis Ramseur. The defendant provided material and highly relevant information to law enforcement regarding a Statesville homicide. Defendant also convinced his own brother to cooperate with authorities in the homicide investigation.**

(a)(4)  any injury suffered, or and danger or risk of injury to the defendant or his family resulting from his assistance;

**Government's evaluation and recommendation:**

**The government is not aware of any threats made against the defendant. However, cooperation in drug cases is inherently dangerous.**

(a)(5)   the timeliness of the defendant's assistance.

**Government's evaluation and recommendation:**

**The defendant's cooperation was timely.**

**TOTAL OFFENSE LEVEL:**         32
**CRIMINAL HISTORY CATEGORY:**   I
**GUIDELINE RANGE**:             Recommendation 120 months
[The government has withdrawn the 21 U.S.C. § 851 Notice in this case]

**\* THIS RECOMMENDATION IS THE LOWEST RECOMMENDATION FOR REDUCTION BY THE GOVERNMENT. IF THE DEFENDANT'S OBJECTIONS TO THE PSR RESULT IN ANY MODIFICATION TO THE CALCULATIONS IN THE PSR, THE GOVERNMENT'S RECOMMENDATION AS TO THE "GUIDELINE RANGE" ABOVE WILL NOT BE REDUCED BY SUCH MODIFICATION.**

The United States respectfully requests the Court to depart downward from the original calculations of the PSR and impose a sentence with the range as calculated under the above recommendation.

Respectfully submitted, this the 4th day of September, 2007.

s/ GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY
Bar Number 9460
Attorney for the Plaintiff
227 West Trade Street, Suite 1650
Charlotte, NC 28202
704-338-3110 (Direct Line)
704-227-0259 (fax)
gretchen.shappert@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was duly served upon the defendant through defendant's counsel, by Electronic Filing:

Christopher A. Beechler
200 Brookstown Avenue, Suite 304
Winston-Salem, NC 27101
cbeechler@beechlerlaw.com

    This the __4th__ day of September, 2007.

s/ GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY
Bar Number 9460
Attorney for the Plaintiff
227 West Trade Street, Suite 1650
Charlotte, NC 28202
704-338-3110 (Direct Line)
704-227-0259 (fax)
gretchen.shappert@usdoj.gov